IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE TALENTLAUNCH DATA BREACH LITIGATION** | ) CASE NO: 1:24-CV-0456 <br> ) <br> ) JUDGE: PAMELA A. BARKER <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) ORDER APPROVING SETTLEMENT <br> ) AND JUDGMENT OF DISMISSAL <br> ) WITH PREJUDICE |

Plaintiffs James Christian, Steve Buyck, Charles Leland Perry III, David Barker, and Amanda Lenz (together, "Plaintiffs" or "Class Representatives"), individually and on behalf of the proposed Settlement Class, and Defendant Alliance Solutions Group LLC d/b/a TalentLaunch ("Defendant" or "TalentLaunch") (together with Plaintiffs, the "Parties") have agreed, subject to approval by the Court, to settle the instant consolidated actions, *Christian v. Alliance Solutions Group*, Case No. 24-cv-456, *Buyck v. TalentLaunch, LLC et al.*, Case No. 24-cv-464, and *Perry v. Alliance Solutions Group, LLC*, 24-cv-535 (as consolidated, *In re TalentLaunch Data Breach Litigation*, and hereinafter, the "Action"),[1] upon the terms and conditions in the Settlement Agreement located at Doc. No. 23-2.

On June 11, 2025, Plaintiffs filed a Motion for Attorneys' Fees, Expenses, and Class Representative Service Awards ("Motion for Attorneys' Fees"). (Doc. No. 26.) On July 29, 2025, Plaintiffs filed a Motion for Final Approval of Class Settlement ("Motion for Final Approval"), in

---

[1] The Action is referred to in the Settlement Agreement as the "Litigation." (Doc. No. 23-2 at PageID# 427.)

which they request that the Court: (1) grant Final Approval to the Settlement Agreement; (2) certify the proposed Settlement Class for settlement purposes; (3) grant Plaintiffs' pending Motion for Attorneys' Fees.  (Doc. No. 27-1 at PageID# 621.)

The Court conducted an in-person Final Approval Hearing on August 12, 2025.  Appearing on behalf of Plaintiffs and the Settlement Class was Terence R. Coates of Markovits, Stock & DeMarco, 119 East Court Street, Suite 530, Cincinnati, OH 45202.  Appearing on behalf of Defendants were Christopher G. Dean and Sydney K. Bell of McDonald Hopkins, 600 Superior Avenue, Suite 2100, Cleveland, OH 44114.

For the reasons stated below, Plaintiffs' Motion for Attorneys' Fees and Motion for Final Approval (Doc. Nos. 26, 27) are GRANTED as set forth herein.

WHEREAS, Plaintiffs James Christian, Steve Buyck, Charles Leland Perry III, David Barker, and Amanda Lenz, individually and on behalf of the proposed Settlement Class, and Defendant Alliance Solutions Group LLC d/b/a TalentLaunch have executed and filed the Settlement Agreement with the Court on March 27, 2025 (Doc. No. 23-2); and

WHEREAS, all capitalized terms used herein shall have the same meaning as set forth in the Agreement and are hereby incorporated by reference, and this Order incorporates by reference the definitions in the Settlement Agreement; and

WHEREAS, the Court, on March 27, 2025, entered the Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice Plan, ("Preliminary Approval Order") (Doc. No. 24), preliminarily approving the proposed Settlement and conditionally certifying this Action, for settlement purposes only, as a class action under Fed. R. Civ. P. 23; and

WHEREAS, Plaintiffs were provisionally approved in the Preliminary Approval Order as the Class Representatives (*Id.* at PageID# 501); and

WHEREAS, the Court, as part of its Preliminary Approval Order, approved the manner of disseminating notice of the settlement, as well as the form and content of the notice ("Notice Plan") (*Id.* at PageID#s 502-503); and

WHEREAS, a Final Fairness Hearing was held on August 12, 2025, at which all interested persons were given an opportunity to be heard, and at which there were no objections lodged to the Settlement Agreement; and

Having read and considered the Settlement Agreement (Doc. No. 23-2) and the exhibits thereto, and having read and considered all other papers filed and proceedings had herein, and being otherwise fully informed, and with good cause appearing, the Court finds as follows:

1. This Order incorporates by reference and utilizes the definitions in the Settlement Agreement.  (Doc. No. 23-2.)

2. The Court has jurisdiction under the Class Action Fairness Act over the subject matter of this Action and over all Parties to this Action.  Plaintiffs had a good faith basis for alleging that the $5 million amount in controversy requirement was satisfied at the time they filed the Consolidated Class Action Complaint.  (Doc. No. 22.)

3. The Consolidated Class Action Complaint (Doc. No. 8) filed in this Action alleges generally that TalentLaunch failed to properly secure its customers' private information from hackers.

4. The Court approves the Settlement Agreement located at Doc. No. 23-2, and finds the Settlement to be fair, reasonable, and adequate to the Settlement Class, but such finding is not to be deemed an admission of liability or fault by TalentLaunch or by any other Person, or a finding of the

validity of any claims asserted in the Action or of any wrongdoing or of any violation of law by TalentLaunch.

5. The Court appoints Plaintiffs James Christian, Steve Buyck, Charles Leland Perry III, David Barker, and Amanda Lenz as Class Representative, and Terence R. Coates of Markovits, Stock & Demacro, LLC, Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, Brian Flick of DannLaw, Cassandra P. Miller of Strauss Borelli PLLC, and Tyler Bean of Siri & Glimstad LLP as Class Counsel.

6. The Court finds that the Class Action Fairness Act Notice given by the Settlement Administrator on behalf of TalentLaunch was in full compliance with 28 U.S.C. § 1715(b). (Doc. No. 27-3.)

7. The Court finds the Class Notice Plan constituted the best notice practicable under the circumstances by providing direct individual notice to 100,670 Class Members (i.e., 94.5% of the 106,544 Class Members with mailable addresses, and 85.6% of the total 117,605 Class Members) (Doc. No. 27-3 at PageID#s 660-61), and constituted valid and sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

8. The Court reaffirms and appoints Kroll Settlement Administration LLC as the Settlement Administrator.

9. Consistent with the Settlement Agreement, the Court certifies for purposes of settlement the following Settlement Class: "[A]ll individuals impacted by TalentLaunch's Data Incident, including all individuals who received notice of the Data Incident, that occurred in May 2023." (Doc. No. 23-2 at PageID# 425.)

10. Those who are excluded from the Settlement Class are set forth in the Settlement Agreement at Paragraph 13. (*Id.*)

11. For purposes of settlement, the threshold requirements and Rule 23 requirements for class certification are met. Plaintiffs possess Article III standing and the proposed Settlement Class is adequately defined and clearly ascertainable. The Settlement Class is adequately defined because the class definition is clear and precise, is based on objective criteria, and, because it only includes individuals who also suffered redressable harm, so it is not overbroad.

12. For purposes of settlement, the Class is sufficiently numerous (comprised of approximately 117,605 members) (Doc. No. 27-3 at PageID#s 660-61), there are questions of law and fact common to the Settlement Class, Plaintiffs' claims are typical of the Settlement Class, and both Plaintiffs and Class Counsel are adequate representatives of the Settlement Class. *See generally In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 850 (6th Cir. 2013) (to certify a class, Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy must be satisfied).

13. For purposes of settlement, questions common to the class predominate over any individual questions, and class treatment is superior to alternative forms of adjudication. *See id.* at 858 (predominance and superiority requirements must be met to certify a class under Rule 23(b)(3)).

14. The Plaintiffs and TalentLaunch have entered into the Settlement Agreement (Doc. No. 23-2) which has been filed with the Court. The Agreement provides for the Settlement of this Action with TalentLaunch on behalf of the Plaintiffs and the Settlement Class Members, subject to approval by the Court of its terms.

15. The Plaintiffs have applied to the Court for final approval of the terms of the proposed Settlement and for the entry of this Final Judgment. (Doc. No. 27.) Pursuant to the Class Notice, a Final Approval hearing was held before this Court, on August 12, 2025, to determine whether the proposed settlement of the Action should be finally approved as fair, reasonable, and adequate, and whether the Final Judgment approving the Settlement Agreement and dismissing all claims in the Action on the merits with prejudice should be entered.

16. There is a strong federal policy "favoring settlement of class actions." *UAW v. General Motors Corp.*, 497 F.3d 615, 633 (6th Cir. 2007). The Court finds that the requirements set forth in Fed. R. Civ. P. 23(e)(2)(A) and (B) are satisfied. First, given Class Counsel's independent investigation, exchange of information with Defendant's Counsel, and subsequent mediation, the Court is satisfied that Plaintiffs and Class Counsel possessed sufficient information and knowledge of the claims, issues, and defenses prior to negotiating and settling the claims. (Doc. No. 27-1 at PageID# 633).

17. Second, the Court concludes that the negotiations, which occurred under the direction of Bruce Friedman, Esq., a well-respected mediator, were conducted at arm's length. *See generally Bert v. AK Steel Corp.*, 2008 WL 4693747 at *2 (S.D. Ohio Oct. 23, 2008) ("The participation of an independent mediator in settlement negotiations virtually [e]nsures that the negotiations were conducted at arm's length and without collusion between the parties."). (*Id.* at PageID# 633.)

18. The Court also finds that the factors set forth in Fed. R. Civ. P. 23(e)(2)(C)-(D) weigh in favor of approval. Rule 23(e)(2)(C) and (D) establish four substantive factors relevant to the class settlement analysis: (1) the costs, risks, and delay of trial and appeal, (2) the effectiveness of any

proposed method of claim distribution, (3) the terms of any proposed award attorneys' fees, and (4) whether class members are treated equitably *vis-à-vis* each other.

19. With regard to the first factor, the Court finds that the likelihood of success absent settlement is uncertain, given the evolving nature of data-breach litigation, Plaintiffs' untested damages methodologies, and the difficulty associated with establishing causation and obtaining class certification. *See In re Wasserstrom Holdings, Inc. Data Breach Litig.*, 2025 WL 1563548 at *7 (S.D. Ohio Apr. 11, 2025) ("Because they involve new technology and evolving law, the merits of data breach cases like this one are often uncertain."); *Wilsterman v. Delphinus Eng'g, Inc.*, 2025 WL 1655319 at *3 (E.D. Pa. June 10, 2025) (quoting *In re Wawa, Inc. Data Sec. Litig.*, 2023 WL 6690705 at *9 (E.D. Pa. Oct. 12, 2023)) ("Data breach class actions involve 'a risky field of litigation because data breach class actions are uncertain and class certification is rare.'"). Given this uncertainty, the benefits secured through the Settlement Agreement are eminently reasonable.

20. With regard to the second factor, the claim-processing method is straightforward, requiring Class Members to select between two options: (1) complete a claim form and return the form to the Settlement Administrator; or (2) visit the settlement website, which can be accessed two ways, either by a URL or QR code provided directly on the short form notice. (Doc. No. 23 at PageID#s 453-56.) As such, under Rule 23(e)(2)(C)(ii), the Court finds that the method for "distributing relief" and "processing class-members claims" weighs in favor of approval. *See Cook v. Gov't Emples. Ins. Co.*, 2020 U.S. Dist. LEXIS 111956 at *22 (M.D. Fla. June 22, 2020) (finding that where "Settlement Class Members merely had to sign an attestation confirming the prefilled information was correct (including the address) or update the address[,]" Rule 23(e)(2)(C)(ii) favored approval); *Manjunath A. Gokare, P.C. v. Fed. Express Corp.*, 2013 WL 12094870 at *8 (W.D. Tenn.

7

Nov. 22, 2013) (approving a settlement where "the claim form is extremely simple, includes a postage-paid, pre-addressed envelope and does not require Settlement Class Members to . . . provide any back-up documentation.").

21. With regard to the third factor, Class Counsel has represented that the Parties did not discuss attorneys' fees until after agreement was reached concerning the substantive terms of the Settlement Agreement and TalentLaunch agreed to separately pay attorneys' fees and costs out of the common-fund—meaning Class Members' recoveries will not be impacted or reduced in any way—which counsels in favor of approval. *See Hicks v. State Farm Fire & Cas. Co.*, 2021 WL 8269349 at * 4 (E.D. Ky. Nov. 8, 2021) (finding that Rule 23(e)(2)(C)(iii) favored settlement "particularly given the fact the fee will not reduce the amount the class members receive"), *report and recommendation adopted*, 2021 WL 5507032 (E.D. Ky. Nov. 24, 2021). (Doc. No. 27-2 at PageID# 646.)

22. Moreover, the substantive factors set forth in *UAW v. General Motors Corp*, 497 F.3d 615, 631 (6th Cir. 2007) and *Does 1-2 v. Déjà vu Services, Inc.*, 925 F.3d 886, 894-895 (6th Cir. 2019) that do not overlap with Fed. R. Civ. P. 23(e)(2)—i.e., the opinions of class counsel, the public interest, and the reaction of absent class members— also weigh in favor of approval.

23. Class Counsel have averred that they are familiar with TalentLaunch's data systems and business practices and procedures, and it is their well-considered opinion that the Settlement Agreement is favorable to the Settlement Class. *See Brent v. Midland Funding, LLC*, 2011 WL 3862363 at * 18 (N.D. Ohio Sept. 1, 2011) ("The Court gives great weight to the recommendation of experienced counsel for the parties in evaluating the adequacy of the settlement."). (Doc. No. 27-1 at PageID# 633.)

24. Additionally, the public interest favors preliminary approval because "settlement fosters the goals of certainty, finality and economy, which lie at the heart of our general preference for settlement of class actions." *Berry v. School Dist.*, 184 F.R.D. 93, 106 (W.D. Mich. 1998).

25. With regard to the reaction of absent class members, the Court finds as follows. As of July 29, 25 (thirty-four (34) days after the renewed deadline to opt out or object expired), neither the Settlement Administrator nor the Court has received a single Objection to the terms of the Settlement. (Doc. No. 27-1 at PageID# 645; Doc. No. 27-4 at PageID# 701.) Further, as of July 29, 2025, the Settlement Administrator received only one (1) request by a Class Member to opt out.[2] (Doc. No. 27-3 at PageID# 693.) Given that the class consists of over 117,000 Class Members, the Court finds that this is strong evidence in support of the fairness and reasonableness of the Settlement terms. *See generally Amos v. PPG Indus.*, 2019 WL 3889621 at *10 (S.D. Oh. Aug. 16, 2019) ("[N]o objections were filed, which creates the inference that all or most of the class members had no concerns about the proposed settlement. This positive response weighs in favor of approving the settlement."), *report and recommendation adopted,* 2019 WL 3980570 (S.D. Ohio Aug. 22, 2019).

26. Accordingly, and for all the reasons set forth above, Plaintiffs' Motion for Final Approval (Doc. No. 27) is **GRANTED**. The Court **GRANTS FINAL APPROVAL OF** the Settlement Agreement located at Doc. No. 23-2.

27. The Released Claims in this Action are dismissed in their entirety, on the merits, with prejudice and without leave to amend, and all members of the Settlement Class and any of their respective heirs, executors, administrators, partners, agents, and the successors and assigns of each

---

[2] As stated during the Final Approval Hearing on August 12, 2025, the Court grants the opt-out requests of "A. Blue." This individual shall not be included as part of the Settlement Class or be eligible to collect any payments under the Settlement Agreement. "A. Blue" shall retain all of his or her rights against TalentLaunch.

of them, shall be forever barred from asserting, either directly or indirectly, individually, or in a representative capacity or on behalf of or as part of a class, and whether under State or Federal statutory or common law, any Released Claim against any of the Released Parties.

28. As of the Effective Date, by operation of the entry of the Final Judgment, each Settlement Class Member shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims that the Releasors may have against all the Released Parties.

29. As set forth in Paragraph 38 of the Settlement Agreement (Doc. No. 23-2 at PageID# 427), "Released Claims" means and includes

> any and all past, present, and future claims and causes of action related to the Data Incident, including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. § 45, *et seq.*, and all similar statutes in effect in any states in the United States as defined below; state consumer-protection statutes; negligence; negligence per se; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; breach of the covenant of good faith and fair dealing; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief or judgment, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Class Member against any of the Released Parties based on, relating to, concerning or arising out of the alleged Data Incident or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation. Released Claims shall not include the right of any Class Member or any of the Released Parties to enforce the terms of the settlement contained in [the] Settlement Agreement, and shall not include the claims of any person who has timely excluded themselves from the Class. Released Claims include a waiver of the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits

conferred by the law of any state, province, or territory of the United States, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides: A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

(Doc. No. 23-2 at PageID#s 435-36.)

30. As set forth in Paragraph 40 of the Settlement Agreement (Doc. No. 23-2), "Released Parties" means

TalentLaunch and TalentLaunch's past or present parents, subsidiaries, divisions, and related or affiliated entities, each of their respective predecessors, successors, members, shareholders, directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers, includes, without limitation, any person related to any such entity who is, was or could have been named as a defendant in any of the actions in the Litigation (other than any person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge), and includes any entity with whom TalentLaunch contracted that, on behalf of TalentLaunch, held data involved in the Data Incident who is, was or could have been named as a defendant in any of the actions in the Litigation.

(*Id.* at PageID# 435.)

31. As set forth in Paragraph 40 of the Settlement Agreement (Doc. No. 23-2), "Releasors" shall refer, jointly and severally, and individually and collectively, to Plaintiffs, the Settlement Class Members, and to each of their predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, and anyone claiming by, through, or on behalf of them." (*Id.* at PageID# 428.)

32. The Settlement Agreement and this Final Judgment are not to be deemed admissions of liability or fault by TalentLaunch, or a finding of the validity of any claims in the Action (or any of the consolidated actions) or of any wrongdoing or violation of law by TalentLaunch. The Settlement Agreement is not a concession by the Parties and, to the extent permitted by law, neither

11

this Final Judgment nor the Settlement Agreement, nor any of its terms of provisions nor any of the negotiations or proceedings connected with it, shall be utilized or offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, for any purpose including to establish any liability or admission by any of the Released Parties, except in any proceedings brought to enforce the Settlement Agreement or the Final Judgment otherwise with the written consent of TalentLaunch at its sole discretion.  Nor may the Settlement Agreement be construed in any fashion as precedent for any matter similar to the instant one, or used as evidence of any kind, by any person or entity, in any action or proceeding against the Released Parties, as the Settlement Agreement has been entered into based on the particular facts of this matter alone. However, TalentLaunch may use the Settlement Agreement or the exhibits thereto, and/or any related document, in any action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion relating to the Released Claims set out in the Settlement Agreement.

33. The Court has also considered Plaintiffs' Motion for Attorneys' Fees.  (Doc. No. 26.)

34. The Sixth Circuit has articulated the following factors to consider in analyzing the reasonableness of a requested attorney fee amount: (1) the value of the benefit rendered to the plaintiff class; (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. *See Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009); *Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 280 (6th Cir. 2016); *see also In Re*

*Flint Water Cases*, 63 F.4th 486, 495-96 (6th Cir. 2023) (quoting *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188 (6th Cir. 1974)).

35. Courts generally find that fees attorneys' fees ranging from 20% to 33% of the benefits conferred are reasonable and "[o]ther courts have found higher percentages to be reasonable." *Harding v. Steak N Shake, Inc.*, 2025 WL 896322 at *3 (N.D. Ohio Mar. 24, 2025) (approving attorneys' fees of 38% and collecting cases approving awards above 50%); *Shanahan v. Keybank*, 2021 WL 1034403 at * 5 (N.D. Ohio Mar. 16, 2021) (approving attorneys' fees of 35%); *Bechtel v. Fitness Equip. Servs., LLC*, 2022 U.S. Dist. LEXIS 180349 at *11 (S.D. Ohio. Sept. 29, 2022) (approving attorney's fees in the amount of 33 1/3% of the common fund). Here, the requested fees constituted a reasonable percentage of the benefits obtained on behalf of the Class (33.33%).

36. The benefits made available to the Settlement Class herein are substantial—approximately $10.29 per class member—and consistent with per class member recovery amount courts often find fair and adequate in similar data breach cases. *See, e.g., Tucker v. Marietta Area Health Care*, 2:22-cv-184 (S.D. Ohio Dec. 7, 2023) (approving per class member recovery of $8.08 in data breach class action); *In Re Marshall & Melhorn, LLC Data Breach Litig.*, 3:23-cv-1181 (N.D. Ohio Dec. 30, 2024) (approving per class member recovery of $17.02 in data breach class action).[3] (Doc. No. 19-2 at PageID#s 274-75).

37. A "lodestar cross-check" confirms the reasonableness of the fee. The requested fee equates to a multiplier of 1.66, which is reasonable here given that Class Counsel undertook the case on a contingency basis. *See Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 517 (6th Cir.

---

[3] *See Tucker*, Doc. Nos. 34-1, 38; *In Re Marshall & Melhorn*, Doc. Nos. 28, 35.

1993) (approving 2.0 multiplier); *Bower v. MetLife, Inc.*, 2012 WL 12991199 at * 8 (S.D. Ohio Oct. 17, 2012) (collecting cases demonstrating that multipliers ranging from 1.75 to 5.0 are considered reasonable in class litigation). (Doc. No. 26-2 at PageID#s 600-01.)

38. In addition, as discussed above, the complexity of the instant action as well as the professional skill and standing of Class Counsel and Counsel for TalentLaunch weigh in favor of a finding that the proposed Attorney Fee Award of $408,333.33 is reasonable.

39. Accordingly, the Court finds that the totality of the *Moulton* factors supports the requested award of $408,333.33 in attorneys' fees.

40. The Court also finds that $13,068.75 in litigation costs and expenses is reasonable. "Generally, class counsel are entitled to reimbursement of all reasonable and necessary expenses, including class-notice costs, incurred in the prosecution and settlement of the claims." *Chavez v. Falcon Transp. Co.*, 2025 WL 959219 at *10 (N.D. Ohio Mar. 31, 2025) (citing *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 534-35 (E.D. Mich. 2003)) (approving $8,747.50 in litigation expenses in addition to $128,000.00 attorneys' fees award)).

41. The Court also finds that the proposed Service Award of $2,500.00 per Plaintiff is reasonable. As set forth in the Declaration of Class Counsel Terence Coates, Plaintiffs have been actively involved in the instant litigation from the beginning. (Decl. of Terence Coates (Doc. No. 26-2) at PageID# 603.) They reviewed the allegations of their original complaints and the Consolidated Class Action Complaint, signed the Settlement Agreement, and remained informed and engaged. (*Id.*)

42. Accordingly, the Court hereby **GRANTS** Plaintiffs' Motion for Attorneys' Fees in the amount of $408,333.33, $13,068.75 for reimbursement for Class Counsel's reasonable litigation costs and expenses, and Service Awards in the amount of $2,500 for Plaintiffs. (Doc. No. 26.)

43. In sum, the proposed Settlement Class meets the requirements of Fed. R. Civ. P. 23(a) and (b)(3), and the Court therefore certifies the Settlement Class as defined in the Settlement Agreement. In addition, the Court finds that the Notice in this case satisfies the requirements of Fed. R. Civ. P. 23 and the Due Process Clause of the United States Constitution. The Court also concludes, for all the reasons set forth above, that the Settlement Agreement (Doc. No. 23-2) is fair, reasonable, and adequate. Finally, the Court concludes that the requested attorneys' fees, costs, and service awards are reasonable.

As such, it is hereby **ORDERED** and **ADJUDGED**:

For all the reasons set forth herein, Plaintiffs' Motions for Final Approval (Doc. No. 27) and Plaintiffs' Motion for Attorneys' Fees (Doc. No. 26) are hereby **GRANTED.**

All Releasors are hereby barred from asserting any of the Released Claims against Defendant, the Released Parties, or its affiliates at any time. Defendant and the Released Parties are released from the Released Claims. This Court reserves continuing and exclusive jurisdiction over the Parties to the Settlement Agreement, including the Released Parties and Settlement Class Members, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

In accordance with Paragraph 41 of the Settlement Agreement, within six (6) months from the date of this Order, or by February 14, 2026, the Parties shall file a report to the Court regarding the amount of funds remaining in the Settlement Fund and identify a charitable organization to which the funds should be sent as a *cy pres* distribution. (Doc. No. 23-2 at PageID# 428.)

In accordance with Fed. R. Civ. P. 54, this Final Order and Judgment is a final and appealable order. Specifically, this Final Judgment is a final order in the Action within the meaning and for the purposes of the Federal Rules of Civil Procedure as to all claims among TalentLaunch on the one hand, and the Plaintiffs and all Settlement Class Members, on the other, and there is no just reason to delay enforcement or appeal.

Without in any way affecting the finality of this Final Judgment, this Court shall retain continuing jurisdiction over this Action for purposes of:

A. Enforcing this Final Judgment and the Settlement Agreement;

B. Hearing and determining any application by any Party to the Settlement Agreement for a settlement bar order; and

D. Determining the amount of Remainder Funds to be sent to a court-approved charitable organization as a *cy pres* distribution, as set forth in Paragraph 41 of the Settlement Agreement.

C. Any other matters related or ancillary to any of the foregoing.

The Clerk of this Court is directed to enter a judgment of dismissal with prejudice and close this case.

**IT IS SO ORDERED**

*s/Pamela A. Barker*
PAMELA A. BARKER
UNITED STATES DISTRICT JUDGE

August 14, 2025

17